## SANDS v. PEIRSON ET AL.

1. **Practice in Supreme Court**: TRIAL DE NOVO. Where in the court below the cause was, on the motion of one party, tried as an equitable action, and the other party obtained the relief sought by him, *held* that neither party could object to a trial *de novo* in the supreme court, and that the cause would be so tried there.

2. **Fraudulent Conveyance**: FATHER TO SON: PREFERENCE. Where a father was indebted to several persons, including his son, it was no fraud, in the eye of the law, for him to prefer his own son, and to transfer his property to the son in satisfaction of his debt to him.

*Appeal from Clay Circuit Court.*

THURSDAY, OCTOBER 18.

THIS was originally a garnishment proceeding. Upon motion of plaintiff, the issues arising upon the petition of the intervenor, claiming the money sought to be reached by the garnishment process, were tried as equitable issues. By the decree of the circuit court, the assignment under which the intervenor claims the money involved in the proceedings was declared to be fraudulent and void, and was canceled and set aside. The intervenor appeals.

*Parker & Richardson*, for appellant.

*E. E. Snow* and *Hubbard & Hughes*, for appellee.

BECK, J.—I. This case is presented in a confused and un-

satisfactory manner. But as the points upon which we rest our conclusion clearly appear in the record, other matters involved in the case need not be considered.

The defendant, the Clay County Bank, was garnished as the debtor of John Peirson. L. S. Peirson intervened by petition, and claims to hold property in the debt of the bank under an assignment executed by John Peirson transferring the debt to the intervenor. In answer to the petition of the intervenor, the plaintiff alleges that the transfer of the debt of the bank by the defendant, John Peirson, was fraudulently made to defeat his creditors.

Upon motion of plaintiff, the cause was tried as an equitable action. As this was done upon plaintiff's motion, he cannot object, and as the intervenor obtains the relief he seeks, namely, the dismissal of the garnishee proceeding and recovery of the debt, he has no ground of complaint. The action upon this appeal may, therefore, be regarded as an equitable action triable *de novo*.

1. PRACTICE in supreme court: trial de novo.

II. The controlling question in the case is one of fact, and involves the validity of the assignment of the debt against the garnishee to the intervenor. The evidence establishes that John Peirson did owe the intervenor an amount greater than the debt of the bank. The intervenor was the son of John Peirson, and had served and labored for his father under a contract between the parties. The father was indebted to others, among them the plaintiff, some of whom he paid, and he made no provision for other creditors. We think the evidence shows that he in good faith transferred the debt of the bank to pay a *bona fide* indebtedness to the son. The preference given to the son does not invalidiate the transaction.

2. FRAUDULENT conveyance: father to son: preference.

The question upon which evidence was offered and rejected in the court below, involving the fact that the debt of the bank was exempt from execution against John Peirson, need not be considered. If it was not exempt, the assignment to

the intervenor, being held valid, transfers it to him; if it is exempt, plaintiff cannot reach it.

As we have said, the good faith and validity of the assignment of the debt of the bank to the intervenor controls the decision of the case. The judgment entered by the circuit court must be reversed, and the cause will be remanded for a decree in harmony with this opinion.

REVERSED.